Eric Adam Biderman
biderman.eric@arentfox.com
ARENT FOX, LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

*Attorneys for Defendants
and Counterclaim Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIGER6, LLC,<br><br>       Plaintiff/Counterclaim<br>       Defendant,<br><br><br>      -against-<br><br><br>SARTO ANTONIO and SARTO S.r.l.,<br><br>       Defendants/Counterclaim<br>       Plaintiffs. | Civil Action No. 2:13-cv-04694-FSH-MAH<br><br><br>Hon. Faith S. Hochberg<br><br><br>**JURY TRIAL DEMANDED** |

## ANSWER, AFFIRMATIVE DEFENSES, AMENDED COUNTERCLAIMS WITH ATTACHMENT AND DEMAND FOR JURY TRIAL OF DEFENDANTS SARTO S.r.l. AND SARTO ANTONIO

Pursuant to Rule 12 of the Federal Rules of Civil Procedure ("FRCP"), Defendants Sarto

S.r.l. and Sarto Antonio (collectively "Sarto"), by and through their undersigned counsel, hereby

answer the Complaint ("Complaint") served by plaintiff Liger6 LLC ("Liger" or "Plaintiff") in

this action as follows:

## JURISDICTION AND VENUE

1.      Sarto admits that Paragraph 1 summarizes the contents of the Complaint filed by Liger but Sarto denies that there is any merit to Liger's claims or that Liger is entitled to any relief.

2.      Sarto admits the allegations contained in Paragraph 2.

3.      Sarto admits the allegations contained in Paragraph 3.

## THE PARTIES

4.      Sarto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies the same.

5.      Sarto admits the allegations contained in Paragraph 5.

6.      Sarto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies the same.

## FACTUAL ALLEGATIONS

7.      Sarto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8.      Sarto admits that he is an Italian citizen and that he is a manufacturer of bicycle frames and that he or his company have made some frames that have been sold under the marks of others and that some have been sold under Sarto's own names and marks.  Sarto denies the remaining allegations contained in Paragraph 8.

9.      Sarto denies the allegations contained in Paragraph 9.

10.     Sarto denies the allegations contained in Paragraph 10.

11.     Sarto denies the allegations contained in Paragraph 11.

12.     Sarto admits that having manufactured bicycle frames that were sold to Liger. Sarto denies the remaining allegations contained in Paragraph 12.

13.     Sarto denies the allegations contained in Paragraph 13.

14.     Sarto denies that it orally accepted a proposal from Liger or that any agreement was reached between Sarto and Liger.  Sarto is without sufficient knowledge to form a belief as to the remaining allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same.

15.     Sarto admits that the Italian word SARTO means "tailor" in English.  Sarto denies the remaining allegations contained in Paragraph 15.

16.     Sarto admits that he or his company manufactured and shipped bicycle frames to Liger and that Sarto's trade name and trademark SARTO was affixed to the frames before they were shipped.  Sarto denies the remaining allegations contained in Paragraph 16.

17.     Sarto admits that Liger placed orders with Sarto, and that Liger made payments to Sarto.  Sarto denies the remaining allegations contained in Paragraph 17.

18.     Sarto denies the allegations contained in Paragraph 18.

19.     Sarto denies that the parties entered into an agreement.   Sarto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same.

20.     Sarto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same.

21.     Sarto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same.

22.     Sarto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies the same.

23.     Sarto admits that the parties conducted negotiations concerning a written agreement and that no agreement was ever finalized or executed.  Sarto denies the remaining allegations contained in Paragraph 23.

24.     Sarto admits that Liger filed Application S/N 85/400510 for the mark SARTO and that Sarto Antonio was listed as a joint owner of the mark and that Liger improperly listed itself as a co-owner, that the PTO granted a registration on July 24, 2012, and that Liger surrendered the registration for cancellation.  Sarto is without sufficient knowledge to form a belief as to the remaining allegations in Paragraph 24 and, therefore denies the same.

25.     Sarto admits that it filed Application S/N 79/113491 for the mark SARTO with the USPTO as an extension of its International Registration No. 1117656 with a Madrid Protocol filing date of February 29, 2012.  Sarto denies the remaining allegations in Paragraph 25.

26.     Sarto denies the allegations contained in Paragraph 26.

27.     Sarto admits that Liger filed Application No. 85/806954 with the USPTO.  Sarto denies the remaining allegations in Paragraph 27.

28.     Sarto denies the allegation that its application was "improper".  Sarto admits the remaining allegations in Paragraph 28.

29.     Sarto denies the allegations contained in Paragraph 29.

4

30.     Sarto denies that Liger adopted the SARTO mark or that Liger has extensively or exclusively used the SARTO mark.  Liger is without sufficient knowledge to form a belief as to the remaining allegations contained in Paragraph 30 and, therefore, denies the same.

31.     Sarto admits that its SARTO mark is a symbol of Sarto's valuable goodwill in the United States.  Sarto denies the remaining allegations contained in Paragraph 31.

32.     Sarto admits that the parties conducted negotiations concerning a written agreement.  Sarto denies the remaining allegations contained in Paragraph 32.

33.     Sarto admits that no written agreement was ever signed by the parties.  Sarto denies the remaining allegations contained in Paragraph 33.

34.     Sarto denies the allegations contained in Paragraph 34.

35.     Sarto denies the allegation that the mark SARTO is Liger's mark.  Sarto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint and, therefore, denies the same.

36.     Sarto admits the allegations in Paragraph 36.

37.     Sarto denies the allegations contained in Paragraph 37.

38.     Sarto denies the allegations contained in Paragraph 38.

39.     Sarto admits the allegations contained in Paragraph 39.

40.     Sarto denies the allegations contained in Paragraph 40.

41.     Sarto admits that it has offered SARTO-branded bicycle frames in the United States to retailers and distributors and manufacturers representatives.  Sarto denies the remaining allegations in Paragraph 41.

42.     Sarto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the same.

43.     Sarto admits that, as the owner of the SARTO mark, it has sold products under its

mark in the United States.  Sarto denies the remaining allegations in Paragraph 43.

## COUNT I
### (Declaratory judgment of trademark ownership)

44.     Sarto repeats and re-alleges each and every response as set forth above in

Paragraph Nos. 1 through 43 with the same force and effect as if fully set forth herein.

45.     Sarto denies the allegations contained in Paragraph 45.

46.     Sarto denies the allegations contained in Paragraph 46.

## COUNT II
### (False Designation of Origin of Products, False Advertising
### And False Description and Representation)

47.     Sarto repeats and re-alleges each and every response as set forth above in

Paragraph Nos. 1 through 46 with the same force and effect as if fully set forth herein.

48.     No response is required to Paragraph 48.

49.     Sarto denies the allegations contained in Paragraph 49.

50.     Sarto denies the allegations contained in Paragraph 50.

## COUNT III
### (Common Law of Unfair Competition)

51.     Sarto repeats and re-alleges each and every response as set forth above in

Paragraph Nos. 1 through 50 with the same force and effect as if fully set forth herein.

52.     No response is required to Paragraph 52.

53.     Sarto denies the allegations contained in Paragraph 53.

54.     Sarto denies the allegations contained in Paragraph 54.

55.     Sarto denies the allegations contained in Paragraph 55.

## COUNT IV
### (Unfair Competition Under N.J.S.A. 56:4-1)

56.     Sarto repeats and re-alleges each and every response as set forth above in Paragraph Nos. 1 through 55 with the same force and effect as if fully set forth herein.

57.     No response is required to Paragraph 57.

58.     Sarto denies the allegations contained in Paragraph 58.

## COUNT V
### (Breach of Contract)

59.     Sarto repeats and re-alleges each and every response as set forth above in Paragraph Nos. 1 through 58 with the same force and effect as if fully set forth herein.

60.     Sarto denies the allegations contained in Paragraph 60.

61.     Sarto denies the allegations contained in Paragraph 61.

62.     Sarto denies the allegations contained in Paragraph 62.

63.     Sarto denies the allegations contained in Paragraph 63.

## COUNT VI
### (Tortious Interference with Contract)

64.     Sarto repeats and re-alleges each and every response as set forth above in Paragraph Nos. 1 through 63 with the same force and effect as if fully set forth herein.

65.     Sarto is without sufficient knowledge to form a belief as to the allegations contained in Paragraph 65 of the Complaint and, therefore, denies the same.

66.     Sarto denies the allegations contained in Paragraph 66.

67.     Sarto denies the allegations contained in Paragraph 67.

68.     Sarto denies the allegations contained in Paragraph 68.

## COUNT VII
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

69.     Sarto repeats and re-alleges each and every response as set forth above in Paragraph Nos. 1 through 68 with the same force and effect as if fully set forth herein.

70.     Sarto denies the allegations contained in Paragraph 70.

71.     Sarto denies the allegations contained in Paragraph 71.

72.     Sarto denies the allegations contained in Paragraph 72.

## COUNT VIII
### (Conversion)

73.     Sarto repeats and re-alleges each and every response as set forth above in Paragraph Nos. 1 through 72 with the same force and effect as if fully set forth herein.

74.     Sarto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint and, therefore, denies the same.

75.     Sarto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and, therefore, denies the same.

76.     Sarto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and, therefore, denies the same.

77.     Sarto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and, therefore, denies the same.

78.     Sarto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and, therefore, denies the same.

79.     Sarto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and, therefore, denies the same.

## **GENERAL DENIAL**

Sarto denies each and every factual allegation in the Complaint that is not specifically admitted or otherwise addressed in the preceding paragraphs and demands strict proof thereof.

## **ANSWER TO ALLEGATION OF DAMAGE AND PRAYER FOR RELIEF**

Sarto denies all of the allegations and averments contained in the "Allegation of Damage" and in the "Prayer for Relief" sections.  Sarto further denies that Liger is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Sarto asserts the following affirmative defenses based upon information presently available and Sarto reserves the right to assert additional affirmative defenses or withdraw any of these affirmative defenses as further information becomes available.

## **FIRST AFFIRMATIVE DEFENSE**
### **(FRCP Rule 12(b)(6) Failure to State a Claim)**

Liger's claims are barred because the Complaint fails to state any claim upon which relief can be granted.

9

**SECOND AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Liger's claims are barred in their entirety by Liger's lack of standing, in that Liger will not be damaged by any act of Defendant because Liger does not own and never did own any rights in the name and mark SARTO nor does Liger have permission to use Defendant's name, likeness and image.

**THIRD AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Liger's claims are barred in their entirety under the doctrine of unclean hands in that Liger has engaged in inequitable conduct directly related to the subject matter of this action, including acts of fraud upon the Patent and Trademark Office in that Liger has made material false statements of facts concerning Liger's alleged ownership of Sarto's name and mark SARTO with actual knowledge of the falsity of these statements and with a deliberate intent to deceive.

**FOURTH AFFIRMATIVE DEFENSE**
**(Laches)**

Liger's claims are barred in whole or in part by the equitable doctrine of laches as a result of Liger's unreasonable delay in objecting to Sarto's claim of rights in and use of the mark SARTO on bicycles and bicycle frames and Sarto has been prejudiced by the delay.

**FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Liger's claims are barred in whole or in part by the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**
**(Acquiescence)**

Liger's claims are barred in whole or in part by the equitable doctrine of acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Liger's claims are barred in whole or in part by the equitable doctrine of waiver.

## EIGHT AFFIRMATIVE DEFENSE
### (Lack of Rights)

Liger's claims are barred in their entirety by the fact that Liger never acquired any protectable rights under the statutory or common law in the mark SARTO, because Liger was a non-exclusive distributor of Sarto's products under the mark SARTO in the United States and any use of the mark SARTO by Liger inured to the benefit of Sarto.

## NINTH AFFIRMATIVE DEFENSE
### (Abandonment)

Liger claims are barred in whole or in part by the fact that Liger abandoned any rights it may ever have had in the mark SARTO.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

Liger's claims are barred in their entirety by the fact that Liger has sustained no damage as a result of the use of the mark SARTO by Sarto and no action by Sarto has been a proximate cause of any injury to Liger.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Liger's claims are barred by the fact that Liger has failed to take any steps to mitigate its alleged damages.

## AMENDED COUNTERCLAIMS

For their amended counterclaims against Counterclaim Defendant Liger6 LLC ("Liger") Counterclaimants Sarto Antonio and Sarto S.r.l. (collectively referred to as "Sarto") assert the following counterclaims.

## THE PARTIES

1. Sarto Antonio (whose first name is Antonio and whose last name is Sarto) is a citizen of Italy who resides in Italy.

2. Sarto S.r.l. is a limited liability company organized under the laws of Italy, having an address of Via Arno No. 65, Frazione Mellaredo, Pianiga (VE), Italy.  Sarto S.r.l. was created on April 30, 2013, and Sarto Antonio is its President.

3. On April 30, 2013, Sarto Antonio assigned to Sarto S.r.l. all rights and interest in and to the mark SARTO worldwide.

4. Upon information and belief, Counterclaim Defendant Liger6 LLC ("Liger") is a Delaware limited liability company having an address of 2315 Windsor Park Ct., Englewood, NJ 07631.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 15 U.S.C. § 1121 28 U.S.C. § 1331, 1332, 1338 and 1367.

6. In its Complaint, Liger has charged Sarto with federal false designation of origin, false description and representation and false advertising, with common law unfair competition, unfair competition under New Jersey law, breach of contract, tortious interference with contract, breach of implied covenant of good faith and fair dealing, and conversion, all of which Sarto denies.

7.      As a result of Liger's Complaint and allegations, Liger has submitted itself to the jurisdiction and venue of this Court.

## **FACTS**

8.      Sarto is an Italian manufacturer of high-tech bicycle frames and bicycles and he has been manufacturing custom designed, highly technological and innovative bicycle frames for more than three decades, outfitting some of the most successful pro-cycling teams and riders, as well as cycling enthusiasts in Italy and worldwide.

9.      Sarto's bicycle frames are custom designed and entirely hand manufactured by Sarto's skilled craftsmen in Sarto's workshop, which is located in Mellaredo di Pianiga, in the Veneto region of Italy.

10.     Sarto has been selling bicycle frames to bicycle manufacturers and distributors in the United States for many years since at least as early as September 2008.

11.     In 2010, Sarto became acquainted with Liger's president Marco Bonelli.

12.     On or about 2011, Liger became a non-exclusive authorized distributor of bicycle frames manufactured by Sarto for sale in the United States.

13.     Sarto never granted Liger any ownership interest in the name and mark SARTO and any sales of bicycle frames in the United States under the mark SARTO inures to the benefit of Sarto.

14.     On March 21, 2014, Sarto filed an action and request for preliminary injunction ("Application for Precautionary Measure") against Liger in the Court of Venice Italy, in the section that specializes in business matters, which also sits as the European Community Trademark Tribunal.  The request and resulting order contain a number of factual allegations and findings relevant to this proceeding, all of which are hereby incorporated by reference.  A copy

of the request for preliminary injunction, the order of the Court of Venice granting the preliminary injunction, and a handwritten transcript of the proceedings, together with certified English translations are attached hereto as Exhibit "A."

## COUNT I
## DECLARATORY JUDGMENT

15.    As a separate cause of action and ground for relief, Sarto alleges that it is entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 on the following matters. Paragraphs 1 through 14 of the within counterclaims are incorporated by reference as part of this count.

16.    The threats, allegations and false claims made by Liger have created a case of actual controversy.

17.    Sarto has not infringed Liger's alleged trademark rights in the mark SARTO, under federal law, because Liger never had any such rights

18.    Sarto has not violated Section 43(a) of the Lanham Act or any other federal or state statute, including but not limited to unfair competition and deceptive trade practices statutes.

19.    Sarto has not violated any other rights that Liger may have under the common law.

20.    Sarto is the owner of all right, title and interest to the mark SARTO in the United States.

21.    Sarto merely sold bicycle frames under the mark SARTO to Liger, for sale in the United States by Liger as a non-exclusive distributor.

22.     As Sarto's authorized, non–exclusive distributor, Liger never acquired any rights in and to the name and mark SARTO and any use of said name and mark by Liger inured to the benefit of Sarto.

23.     Even if Liger had acquired any right in the mark SARTO, Sarto has prior rights because Sarto has been using its mark SARTO in connection with the sale and advertising of products in the United States since well before Liger's claimed date of first use of its alleged mark.

24.     Sarto is entitled to a declaratory judgment that any use of its mark SARTO in connection with bicycles frames and related products will not infringe any alleged rights Liger may have because Liger has never acquired any right in the mark SARTO, and because Sarto has prior rights in said mark.

25.     Liger's unfounded threats, allegations and false claims have caused Sarto to suffer irreparable injury.   Unless enjoined by this Court, Liger will continue the acts of unfair competition complained of herein to Sarto's immediate and irreparable damage.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## UNDER THE STATUTES OF THE UNITED STATES (15 U.S.C. § 1125(a))

26.     As a separate cause of action and ground for relief, Sarto alleges that Defendant has and is engaged in the use of a false designation of origin and in acts of unfair competition in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a).   Paragraphs 1 through 25 of the within counterclaims are incorporated by reference as part of this count.

27.     Liger has used and is using a mark identical to Sarto's mark SARTO in connection with the advertising, distribution and sale of goods in interstate commerce in such a

manner as to create a likelihood of confusion among prospective purchasers and to unfairly compete with Sarto.

28.    Liger's use of a mark identical or confusingly similar to Sarto's mark SARTO induces purchasers and others to believe, contrary to fact, that the goods sold by Liger are originating with Sarto, or are rendered, sponsored, or otherwise approved by, or connected with Sarto.

29.    Liger's acts have damaged, impaired and diluted that part of Sarto's goodwill symbolized by its name and mark to Sarto's immediate and irreparable damage.

30.    Liger's unauthorized use of a mark identical to Sarto's mark SARTO in connection with the sale and advertising of Liger's goods, constitutes use of a false designation of origin and a false description within the meaning of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a).

31.    Liger's unauthorized use of a mark identical to Sarto's mark SARTO constitutes unfair competition entitling Sarto to remedies pursuant to Section 43(a) of the Trademark Act of 1946, U.S.C. §1125(a).

32.    Liger's acts of unfair competition, false designation of origin and false description have caused Sarto irreparable injury, loss of reputation and pecuniary damages.  Unless enjoined by this Court, Liger will continue the acts of unfair competition complained of herein to Sarto's immediate and irreparable damage.

## COUNT III
## TRADEMARK INFRINGEMENT UNDER THE COMMON LAW

33.    As a separate cause of action and ground for relief, Sarto alleges that Liger has and is engaged in acts of trademark infringement in violation of the common law.  Paragraphs 1 through 32 of the within counterclaims are incorporated by reference as a part of this count.

34.     Liger has used and is using the mark SARTO in connection with the advertising and sale of goods in such a manner as to create a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods of Liger originate with Sarto, or are rendered, sponsored, or otherwise approved by, or connected with Sarto, which acts have damaged, impaired and diluted that part of the goodwill symbolized by Sarto's mark SARTO to Sarto's immediate and irreparable damage.

35.     The nature, probable tendency and effect of Liger's use of a mark identical to Sarto's mark SARTO in the manner alleged is to enable Liger to deceive the public by passing off its goods as originating with Sarto, or as being rendered, sponsored, or otherwise approved by or connected with Sarto.

36.     Liger's unauthorized use of the mark SARTO in connection with the advertising and sale of its goods is likely to cause confusion, mistake or deception as to the source of origin of Liger's goods and constitutes infringement of Sarto's mark SARTO under the common law.

37.     Liger's acts of infringement have caused Sarto irreparable injury, loss of reputation and pecuniary damages.  Unless enjoined by this Court, Liger will continue these acts of infringement thereby deceiving the public and causing Sarto immediate and irreparable damage.

**COUNT IV**
**UNFAIR COMPETITION UNDER THE COMMON LAW**

38.     As a separate cause of action and ground for relief, Sarto alleges that Liger has used and is engaged in acts of unfair competition in violation of the common law.  Paragraphs 1 through 37 of the within counterclaims are incorporated by reference as a part of this count.

39.     Liger has used and is using the mark SARTO in connection with sale and advertising of its products in interstate commerce in an unlawful, unfair and fraudulent manner

17

so as to create a likelihood of confusion among prospective purchasers as to the source of its goods, inducing them into believing, incorrectly, that Liger's goods originate with Sarto, or are rendered, sponsored, or otherwise approved by, or connected with Sarto.

40.     Liger's acts have damaged, impaired and diluted that part of the goodwill symbolized by the mark SARTO, to Sarto's immediate and irreparable damage.

41.     The aforesaid acts of Liger constitute unfair competition under the common law.

42.     Liger's acts of infringement have caused Sarto irreparable injury, loss of reputation and pecuniary damages.  Unless enjoined by this Court, Liger will continue these acts of infringement thereby deceiving the public and causing Sarto immediate and irreparable damage.

## COUNT V
## UNFAIR COMPETITION UNDER N.J. STAT. ANN. § 56:4-1

43.     As a separate cause of action and ground for relief, Sarto alleged that Liger has and is engaged in acts of unfair competition in violation of New Jersey statutes under N.J. Stat. Ann. § 56:4-1.   Paragraphs 1 through 42 of the within counterclaims are incorporated by reference as a part of this count.

44.     Liger has used and is using the name SARTO in connection with sale and marketing of its products in New Jersey in an unlawful, unfair, and fraudulent manner so as to create a likelihood of confusion among prospective purchasers as to the source of its goods, inducing them into believing, incorrectly, that Liger's goods originate with, or are rendered, sponsored, or otherwise approved by, or connected with Sarto.

45.     Liger's acts have damaged, impaired and diluted that part of the goodwill symbolized by the mark SARTO, to Sarto's immediate and irreparable damage.

46.     The aforesaid acts of Liger constitute unfair competition under N.J. Stat. Ann §

56:4-1.

47.     Liger's acts of infringement have caused Sarto irreparable injury, loss of

reputation and pecuniary damages.  Unless enjoined by this Court, Liger will continue these acts

of infringement thereby deceiving the public and causing Sarto immediate and irreparable

damage.

**COUNT VI**
**TRADE NAME INFRINGEMENT IN VIOLATION OF THE COMMON LAW**

48.     As a separate cause of action and ground for relief, Sarto alleges that Liger has

engaged and is engaged in acts constituting Trade Name Infringement in violation of the

common law.  Paragraphs 1 through 47 of the within counterclaims are incorporated by reference

as a part of this count.

49.     Liger has used and is using imitations of Sarto's trade names SARTO and

SARTO ANTONIO in connection with the advertising and offering to sell goods over the

Internet.  Liger's actions are intended to deceive and mislead the public into believing, contrary

to fact, that Liger's goods are rendered, sponsored, or otherwise approved by, or connected with

Sarto and these actions by Liger have damaged, impaired and diluted that part of Sarto's

goodwill symbolized by its trade names to Sarto's irreparable injury.

50.     Liger's use of names and marks similar to the trade names owned by Sarto in

connection with the advertising and offering to sell products is likely to cause confusion,

mistake, or deception as to the source or origin of Liger's products, and said conduct constitutes

infringement of Sarto's trade names under the common law.

51.     Liger's acts of trade name infringement have caused Plaintiff irreparable injury,

loss of reputation and pecuniary damages.  Unless enjoined by this Court, Liger will continue

19

these acts of infringement, thereby deceiving the public and causing Sarto immediate and irreparable damage.

## COUNT VII
## CYBERSQUATTING IN VIOLATION OF FEDERAL LAW

52.    As a separate cause of action and ground for relief, Sarto alleges that Liger has and is engaged in acts constituting Cybersquatting in violation of the Anticbyersquatting Consumer Protection Act.   15 U.S.C.  § 1125(d).   Paragraphs 1 through 51 of the within counterclaims are incorporated by reference as a part of this count.

53.    Sarto's mark SARTO is distinctive and was distinctive at the time Liger obtained the registration for the domain name "sartocycles.com".

54.    Notwithstanding Sarto's prior rights in its distinctive mark SARTO, Liger obtained the domain name "sartocycles.com" and is using it in bad faith with an intent to profit from the goodwill associated with Sarto's mark SARTO.

55.    Liger has registered, trafficked in, used and is using one or more domain names that are confusingly similar to Sarto's mark SARTO.

56.    Sarto's mark SARTO had become and was distinctive at the time that Liger registered the "sartocycles.com" domain name.

57.    Liger's use of a domain name that incorporates or imitates Sarto's well known mark, trade name and family name SARTO is likely to cause confusion among customers and prospective customers that visit Liger's Web site.  Consumer confusion is particularly likely given the fact that Liger a) uses a mark that is identical to Sarto's mark, b) displays on the Web site photographs of Antonio Sarto and of his son and business partner Enrico Sarto, and photographs of Sarto's workshop in Italy, and d) expressly states on the Web site that the products advertised and sold at the site are manufactured by Sarto.

58.     Liger's registration and use of the "sartocycles.com" domain name has harmed the goodwill symbolized by Sarto's mark SARTO by creating a likelihood of confusion as to the source of goods or services that are or may be offered by Sarto or Liger, and as to sponsorship, affiliation, or endorsement.

59.     Liger's infringing conduct is causing and is likely to cause substantial injury to the public and to Sarto, and Sarto is entitled to be the registrant of the "sartocycles.com" domain name.

60.     Unless enjoined by this court, Liger will continue in the acts of cybersquatting complained of herein to Sarto's irreparable injury.

**COUNT VIII**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

61.     As a separate cause of action and ground for relief, Sarto alleges that Liger has engaged and is engaged in acts constituting Tortious Interference with Prospective Economic Advantage.  Paragraphs 1 through 60 of the within counterclaims are incorporated by reference as a part of this count.

62.     Since prior to the acts complained of herein, Liger has had full knowledge of the fact that Sarto has economic relationships with other distributors and customers and that these relationships provide Sarto with a probability of future economic benefit.

63.     Liger has wrongfully, intentionally and maliciously interfered with Sarto's prospective economic advantage by engaging in a campaign of disparagement, misrepresentation and deception with an intent to injure Sarto and with an intent to disrupt Sarto's relationships.

64.     The conduct of Liger resulted in an actual disruption of Sarto's relationships and said conduct has caused Sarto irreparable injury, loss of reputation and pecuniary damages, for which Sarto is entitled to compensation.

## COUNT IX
## TRADE LIBEL IN VIOLATION OF THE COMMON LAW

65.     As a separate cause of action and ground for relief, Sarto alleges that Liger has

and is engaged in acts of trade libel in violation of the common law.  Paragraphs 1 through 64 of

the within counterclaims are incorporated by reference as a part of this count.

66.     Liger's President has published to third parties, orally and in writing, disparaging

statements concerning Sarto and Sarto's products.

67.     Said disparaging statements published by Liger's President are false.

68.     Said false disparaging statements published by Liger have caused Sarto to suffer

lost sales and pecuniary damage.  Unless enjoined by this Court, Liger will continue making

false and disparaging statements to Sarto's immediate and irreparable damage.

## COUNT X
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

69.     As a separate cause of action and ground for relief, Sarto alleges that Liger has

engaged in acts constituting breach of the implied covenant of good faith and fair dealing.

Paragraphs 1 through 68 of the within counterclaims are incorporated by reference as a part of

this count.

70.     Liger has misappropriated the trademark and trade name owned by Sarto after

occupying a position of trust as a non exclusive distributor of Sarto's products.

71.     Liger has misappropriated confidential information that it obtained from Sarto

while occupying a position of trust as a non exclusive distributor of Sarto's products and is now

using such information to compete unfairly with Sarto.  Liger has misappropriated documents

that it obtained from Sarto while occupying a position of trust as a non exclusive distributor of

Sarto's products, including photographs of Sarto's workshop in Italy and of Antonio and Enrico

Sarto that are now displayed at Liger's web site, has refused to return the documents to Sarto and is now using such documents to compete unfairly with Sarto.

72.     Liger has engaged in acts that constitute a breach of the implied covenant of good faith and fair dealing.

73.     The conduct of Liger has caused Sarto to suffer pecuniary damages as well as irreparable injury and loss of reputation.  Unless enjoined by this Court, Liger will continue to breach their covenants of good faith and fair dealing to Sarto's immediate and irreparable damage.

**COUNT XI**
**<u>VIOLATION OF RIGHT OF PUBLICITY UNDER THE COMMON LAW</u>**

74.     As a separate cause of action and ground for relief, Sarto alleges that Liger has engaged in acts constituting violation of the Right of Publicity under the common law. Paragraphs 1 through 73 of the within counterclaims are incorporated by reference as a part of this counterclaim.

75.     Liger has been using the names, photographs and biographical data of Sarto's principals Antonio Sarto and Enrico Sarto, on Liger's web site, without Sarto's authorization and for purposes of trade or other commercial purposes.

76.     Liger's aforesaid use of Antonio Sarto and Enrico Sarto's names, photographs and biographical data is a violation of the right of publicity.

77.     Antonio Sarto has suffered, and will continue to suffer, irreparable harm and damage as a result of Liger's aforesaid acts, which, if not enjoined, will cause injury and monetary loss.

## COUNT XII
## <u>VIOLATION OF THE NEW JERSEY FRAUD ACT N.J.S.A. 56:8-2</u>

78.     As a separate cause of action and ground for relief, Sarto alleges that Liger has

engaged in acts constituting violation of the New Jersey Fraud Act, N.J.S.A. 56:8-2.  Paragraphs

1 through 77 of the within counterclaims are incorporated by reference as a part of this count.

79.     Liger has been promoting, advertising and offering for sales products on its web

site under the mark SARTO alleging that said products are manufactured by Sarto, even though

Sarto communicated to Liger that it would not distribute its products through Liger anymore.

80.     The aforesaid acts by Liger constitute unconscionable commercial practices,

deception, fraud, and misrepresentation in connection with the sale of merchandise in violation

of the Consumer Fraud Act.

81.     Sarto has no adequate remedy at law and have suffered, and will continue to

suffer, irreparable harm and damage as a result of Liger's aforesaid acts, which, if not enjoined,

will cause injury and monetary loss and irreparable damage.

## COUNT XIII
## <u>UNJUST ENRICHMENT</u>

82.     As a separate cause of action and ground for relief, Sarto alleges that Liger has

been unjustly enriched as a result of the conduct complained of herein.  Paragraphs 1 through 81

of the within counterclaims are incorporated by reference as a part of this counterclaim.

83.     By engaging in the conduct complained of herein, Liger has unlawfully diverted

revenue to which Sarto is entitled and Liger has obtained sums of money that they would not

have obtained but for their unlawful conduct.

84.     Sarto has created value and generated goodwill in its name and mark.

85.     Liger has traded on this value and goodwill and on Sarto's reputation through their deceptive, unfair and unlawful practices.  As a result of Liger's actions, it has generated economic and other benefits at Sarto's expense.

86.     Sarto has not authorized, acquiesced in or otherwise agreed to Liger's actions complained of herein.

87.     It would be inequitable, under these circumstances, for Liger to retain the benefits accrued to them.

88.     Unless enjoined by this Court, Liger will continue to gain unjust enrichment to Sarto's immediate and irreparable damage.

## JURY TRIAL DEMAND

Pursuant to FRCP Rule 38 and Local Civil Rule 38.1, Defendants/Counterclaimants Sarto Antonio and Sarto S.r.l. hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Sarto prays that this Court grant the following relief:

(1)     Enter a declaratory judgment for Sarto and against Liger as follows:

    (a)     Sarto is the owner of and has the exclusive right to use and register the mark SARTO for bicycle frames and related products without interference from Liger, or its officers, directors, employees, agents, representatives or attorneys;

    (b)      Liger has never acquired any right in and to the mark SARTO in connection with bicycle frames and related products and any use of said mark by Liger inured to the benefit of Sarto; and

(c)     Use of the name and mark SARTO by Sarto does not infringe any rights Liger may claim under federal or state law or under the common law;

(2)     Grant an order permanently enjoining Liger and all persons acting in concert therewith from objecting to or interfering in any way with use or registration of the mark SARTO for bicycle frames and related products by Sarto or any of its related companies;

(3)     Pursuant to 15 U.S.C. § 1116, and the law of the State of New Jersey, order that Liger and each of its agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with them be preliminarily and permanently enjoined from:

(a)     Using or authorizing others to use the personal names, trade names and marks SARTO and ANTONIO SARTO, or any other name or mark containing the word SARTO, or any confusingly similar names or marks, or any domain name similar to Sarto's marks in the advertising or sale of any goods or services;

(b)     Using or authorizing others to use in any manner any service mark, trademark, trade name, domain name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations, or any combinations thereof which would imitate, resemble or suggest Sarto's well known trademark or trade dress;

(c)     Otherwise infringing Sarto's trademarks;

(d)     Unfairly competing with Sarto, and otherwise injuring Sarto's business reputation in any manner;

(e)      Making false or disparaging statements concerning Sarto, its principals or its products; and

(f)      Interfering with Sarto's contractual relations or prospective contractual relations;

(4)  Pursuant to 15 U.S.C. § 1118 and the law of the State of New Jersey, order Liger to deliver up for destruction all advertisements, labels, signs, prints, packages, wrappers, receptacles and all other materials in its possession or under its control that resemble or bear the names or marks SARTO, ANTONIO SARTO, ENRICO SARTO or any other name or mark containing the word SARTO or any other reproduction, copy or colorable imitation of Sarto's marks and trade names and all plates, molds, matrices, and other means of making or duplicating the same;

(5)  Pursuant to 15 U.S.C. § 1125(d), order Liger and Network Solutions, LLC, as the registrant and registry operator, respectively, of the domain name "sartocycles.com", to transfer to Sarto the "sartocycles.com" domain name and any other domain names registered or controlled by Liger that contains the word "Sarto" or any other word or words that are confusingly similar to the marks owned by Sarto;

(6)  Pursuant to 15 U.S.C. § 1117 and the law of the State of New Jersey, order Liger account and pay to Plaintiff actual and/or statutory damages in an amount sufficient to fairly compensate Sarto for the injury it has sustained, punitive damages in an amount sufficient to deter Liger from engaging acts of the type complained of herein, an all profits which are attributable to the infringing sale of goods under the names, marks, and domain names

27

complained of herein, and further that the amount of the monetary award granted herein be trebled in view of the willful and deliberate nature of Liger's unlawful conduct;

(8)     Pursuant to 15 U.S.C. § 1117, and the law of the State of New Jersey, order Liger to pay to Sarto the costs of this action and Sarto's attorney fees;

(9)     Order Liger be ordered to make an accounting of all income and all profits derived from the sale of products under any mark owned by Sarto;

(10)    Declare this to be an exceptional case within the meaning of 15 U.S.C. § 1117 and require Liger to compensate Sarto for the costs and attorneys fees incurred in this action; and

(11)    Grant Sarto such other, further, different or additional relief as this Court deems equitable and proper.

Dated:     November 20, 2014

Respectfully submitted.

**ARENT FOX LLP**

By:        /s/ Eric Adam Biderman
            Eric Adam Biderman
            biderman.eric@arentfox.com
            1675 Broadway
            New York, New York  10019
            Telephone: (212) 484-3900
            Facsimile:  (212) 484-3990

            Michael A. Grow
            (*admitted pro hac vice*)
            grow.michael@arentfox.com
            Alec P. Rosenberg
            (*admitted pro hac vice*)
            rosenberg.alec@arentfox.com
            1717 K Street, NW
            Washington, DC  20036
            Telephone: (202) 856-6000
            Facsimile: (202) 857-6395

            *Attorneys for Defendants/Counterclaimants*
            *Sarto Antonio and Sarto S.r.l.*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Pursuant to Local Civil Rule 11.2, the undersigned counsel for Defendants/Counterclaimants Sarto Antonio and Sarto S.r.l. hereby certifies that, at the time of filing the within pleading, the undersigned is not aware that the matter in controversy is the subject of action pending in any other court, or of any pending arbitration or administrative proceeding.

Dated:   November 20, 2014

*/s/ Eric Adam Biderman*
Eric Adam Biderman

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1</u>

Pursuant to Local Civil Rule 201.1, the undersigned counsel for Defendants/Counterclaimants Sarto Antonio and Sarto S.r.l. hereby certifies that the damages that Defendants/Counterclaimants Sarto Antonio and Sarto S.r.l. seek to recover herein with respect to their above-asserted counterclaims exceed the sum of $150,000, exclusive of interest, costs and punitive damages.  This action is, therefore, not appropriate for compulsory arbitration.

Dated:   November 20, 2014

*/s/ Eric Adam Biderman*
Eric Adam Biderman
