**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIGER6, LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br>v.<br><br>SARTO ANTONIO and SARTO S.r.l.,<br><br>    Defendants/ Counterclaim Plaintiffs | Civil Action No. 13-4694 (JLL) (JAD)<br><br>**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Defendants' motion for leave to file a motion for summary judgment. (ECF No. 114). Pursuant to Federal Rule of Civil Procedure 78, the Court resolves Defendants' application without oral argument. After having carefully considered the parties' submissions, and for the reasons stated below, Defendants' Motion is **DENIED**.

**A.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court will rely upon the factual background and procedural history contained in its decision issued today denying Defendants' motion to add Marco Bonelli as a Defendant to their counterclaims.

**B.  LEGAL DISCUSSION**

Defendants Antonio Sarto and Sarto S.r.l. (Collectively "Defendants") move for leave to file a motion for summary judgment for the purposes of seeking dismissal of Plaintiffs' "breach of oral contract claim." (Pl. Br. at 4, ECF No. 114-1). Defendants assert that they did not have the opportunity to address this claim in its previous motion for summary judgment because they did

not learn about this claim until December 2016 when Plaintiffs Liger 6, LLC ("Plaintiffs") submitted a draft of the proposed pretrial order. (Pl. Br. at 4, ECF No. 114-1).

Defendants contend that Plaintiffs "never identified" this claim in their Complaint. Defendants argue that the breach of contract claim contained in Plaintiffs Complaint "fails to meet the requirements of *Twombly* and *Iqbal*. . ." and "fail[s] to meet the plausibility requirement because they still do not recite sufficient facts as to the terms of the agreement." (Def. Rep. at 9, ECF No. 121). Furthermore, defendants contend that Plaintiffs did not identify "any oral exclusive distribution agreement relating to SARTO products" in its responses to discovery requests. (Def. Rep. at 5, ECF No. 121). Specifically, Defendants cite to Interrogatory No. 13 which states,"[i]dentify all agreements relating to any mark containing the word SARTO to which Plaintiff has ever been a party." (Pl. Br. at 8, ECF No. 114-3). Additionally, Defendants argue that Plaintiffs never alleged the existence of this oral agreement in its opposition to Defendants motion for summary judgment. (Def. Rep. at 7, ECF No. 121).

Finally, Defendants argue that case law provides that filing of a second motion for summary judgment at this juncture is appropriate because the parties did not address the argument in the previous motion, the motion is not futile, the Plaintiffs will not be prejudiced and the motion will not delay the trial in this case. (Pl. Br. at 11, ECF No. 114-1 and Def. Rep. at 11-1, ECF No. 121) (citing Brown v. Wisconsin Dept. of Corrections, No. 15-843, 2017 WL 280716 (E.D. Wis. 2017); Voelkel v. General Motors, 846 F. Supp. 1482 (D. Kan. 1994), aff'd, 43 F. 3d 1484 (10th Cir. 1994).

Plaintiffs, on the contrary, argue that Defendants request is an attempt at a second "bite of the apple." (Pl. Opp. at 3, ECF No. 117). Plaintiffs contend that they did not present a new claim, but rather, "Liger6's exclusive distribution rights were one component of the oral agreement, as

confirmed by the parties' course of conduct and the fact that all six draft contracts subsequently exchanged between the parties to memorialize their oral agreement included such a provision for exclusive distribution rights." (Pl. Opp. at 4, ECF No. 117). Moreover, Plaintiffs argue that this Court has already considered the same issue and denied Defendants' first summary judgment motion. (Pl. Opp. at 5, ECF No. 117) (citing Opinion at 15-17, ECF No. 93)). Plaintiffs aver that "the Court considered all of the draft agreements that contained an exclusivity provision in connection with denying Defendants' initial summary judgment motion." (Pl. Opp. at 7, ECF No. 117). As to Defendants' argument that Plaintiffs did not identify the exclusivity portion of the oral agreement, Plaintiffs contend that Defendants "never asked a single question during the deposition of Liger6's principle Marco Bonelli" and elected not to propound any written discovery concerning the terms of the oral agreement. (Pl. Opp. at 6-7, ECF No. 117). In response to Defendants' argument that Plaintiffs failed to answer Interrogatory No. 13, Plaintiffs contend that the interrogatory did not solicit information concerning specific terms of such agreements, "such as an exclusivity provision but rather was limited to simply identifying agreements relating to the SARTO mark that was in dispute between the parties, which Liger6 undisputedly did." (Pl. Opp. at 8, ECF No. 117). Furthermore, Plaintiffs argue that Defendants request for production of documents did not "call for a narrative description of Liger6's contentions regarding the provisions of the parties' oral agreement." (Pl. Opp. at 9, ECF No. 117).

Plaintiffs contend that Defendants' proposed summary judgment motion would be futile as "there is substantial evidence supporting Liger6's claims of exclusive distribution rights as part of the oral agreement" and because this Court has recognized that there are disputed issues of fact for the jury to determine. (Pl. Opp. at 9, ECF No. 117). Plaintiffs point to the language in the drafts of the written agreements to demonstrate that the exclusive distribution provision was part of the

oral agreement. (Pl. Opp. At 10, ECF No. 117). Furthermore, Plaintiffs disagree with Defendants' interpretation of Bonelli's testimony. (Id.). Finally, Plaintiffs argue that the six drafts and Bonelli's testimony raises an issue of fact to be resolved by the jury. (Id.).

Plaintiffs contend that the case law presented by Defendants is not applicable here for several reasons. First, Plaintiffs argue that new evidence has not been discovered in this stage of litigation. Second, Plaintiffs contend that permitting summary judgment to address issues that are futile would not eliminate a trial since this Court has already determined "that there are triable issues of fact on Liger6's breach of contract and covenant of good faith claims." (Pl. Opp. at 11, ECF No. 117). Finally, Plaintiffs argue that permitting Defendants to file a motion at this stage is prejudicial "by potentially delaying the trial and unnecessarily force Liger6 to burden the expense and effort to oppose another summary judgment motion. (Id. at 12).

C. **ANALYSIS**

The Court concludes that Defendants request to file a summary judgment motion should be denied. First, Defendants should have been aware of such claims since the inception of this action. Plaintiffs alleged claims for both breach of oral contract and of the implied covenant of good faith and fair dealing in their 2013 Complaint. (See ECF No. 1 at Counts V, VII.). Additionally, the Court has reviewed the record and disagrees with Defendants contention that this is a "new" breach of oral contract as Defendants motion for summary judgment demonstrates that one of the facts at issue was whether there was an oral agreement between the parties concerning the distribution of the Sarto product in the United States. (Def. Br. at 10, 12, 21-24, ECF No. 81-1 at 22-24). In Defendants in June 3, 2016 Summary Judgment motion, Defendants acknowledge that Bonelli expressed interest in selling SARTO frames in the United States. (Def. Br., at 10, ECF No. 81-1 at 22-24). Furthermore, Defendants argued that "Liger's

4

own Complaint shows that there was no meeting of the minds when it admitted in paragraphs 32-33 that multiple drafts were exchanged regarding the so called December 2010 oral agreement but that no written agreement was ever signed. This proves that no agreement was ever reached on the terms of the proposed agreement." (Id. at 22). The drafts in question are the same drafts that Plaintiffs note include an exclusionary provision. Therefore, Defendants' argument that this is a "new" breach is unpersuasive.

Most importantly, the issue concerning the oral contract claim was addressed in the Honorable Jose L. Linares' August 10, 2016 decision. The Court considered Liger6's breach of contract claim:

> Liger6 alleges that it had an enforceable oral contract with the Sarto Entities concerning the manufacture, **distribution,** and sale of bicycle products in the United States; that Liger6 performed its obligations; that the Sarto Entities failed to perform their obligations; and that the Sarto Entities benefited from the efforts of Liger6 to promote their products. Liger6 has raised issues of fact that require denial of the part of the motion addressing these claims. As to the claim for breach of contract, Liger6 correctly points out that a contract need not be expressed in writing if the parties agree to perform in a certain way when they are under no obligation to do so, and then actually undertake that Performance . . .
>
> Liger6 also correctly points out that the existence of an oral agreement between parties is not foreclosed while the provisions of a written contract are being negotiated by those parties.

(Opinion at 15-17, ECF No. 93) (emphasis added and citations omitted).

Furthermore, when determining whether there was an issue of fact concerning the existence of an oral contract, the Court made the following findings:

> The Sarto Entities attempt to characterize their relationship with Liger6 as merely that of customer to salesperson. (See dkt. 84-15; dkt. 84-16.) However, Liger6: (1) actively promoted and marketed products manufactured by the Sarto Entities at great expense; (2) suggested designs to the Sarto Entities; (3) attended trade shows and

> found customers on behalf of the Sarto Entities; and **(4) initially set up a website with the approval of the Sarto Entities to promote products in the United States that were manufactured by the Sarto Entities,** used a designer and a photographer recommended by the Sarto Entities themselves, and shared in the cost with the Sarto Entities in developing the website. (See dkt. 84 at 7-8; dkt. 84-1 at 4; dkt. 84-16 at 32-34.) **Furthermore, Liger6 alleges that the relationships that the Sarto Entities currently have with dealers in the United States were cultivated by Liger6.** (See dkt. 84-17 at 11.)

(Opinion at 15-17, ECF No. 93) (emphasis added).

A reading of Judge Linares August 10, 2016 Opinion demonstrates that the Court considered Plaintiffs allegations, deposition testimony, the draft agreements and other written documents provided by both parties. (Opinion at 5, 15-17, ECF No. 93). The drafts of agreements exchanged between the parties contained the exclusivity provisions. (See Exhibit at 30, ECF No. 84-2). The Court permitted Plaintiffs' claims for the breach of contract and implied covenant of good faith to proceed. (Opinion at 15-17, ECF No. 93). The Court concluded that "[t]hus, issues of fact remain as to whether the Sarto Entities assented to the conduct of Liger6 in promoting their products, thereby giving rise to a contract." Id.

Since this Court has determined that the matters addressed in Defendants proposed motion for summary judgment have been addressed in Judge Linares' Opinion, the Court will not address Defendants additional arguments (prejudice, futility and timeliness).

## III. CONCLUSION

Accordingly, and for the foregoing reasons, it is hereby **ORDERED**, Defendants' motion for leave to file a summary judgment motion is **DENIED**. (ECF No. 114).

**SO ORDERED**

_____
**JOSEPH A. DICKSON, U.S.M.J.**

cc: Honorable Jose L. Linares, U.S.D.J.