NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIGER6, LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br>v.<br><br>SARTO ANTONIO and SARTO S.r.l.,<br><br>    Defendants/ Counterclaim Plaintiffs | Civil Action No. 13-4694 (JLL) (JAD)<br><br>**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO JOIN MARCO BONELLI** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Defendants' motion for leave to join Marco Bonelli as a defendant to Defendants' counterclaims. (ECF No. 115). Pursuant to Federal Rule of Civil Procedure 78, the Court resolves Defendants' application without oral argument. After having carefully considered the parties' submissions, and for the reasons stated below, Defendants' Motion is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case concerns the sale and marketing of the Sarto Entities' Italian bicycles in the United States. Plaintiff, Liger6 ("Liger" or "Plaintiffs"), is a bicycle marketing business that markets bicycle products in the United States. (ECF No. 42 at 13; ECF No. 42-2 at 4-5). Defendant, The Sarto Entities, is a high-tech custom Italian bicycle manufacturing company controlled by Antonio Sarto and his son, Enrico Sarto (collectively "SA" or "Defendants"). (Id.). Soren Krebs, who was formerly a defendant in this action, is a salesperson initially recruited by Liger to sell products in the United States made by the Sarto Entities. Liger alleges that the relationship between the parties began in 2010 when Liger became an authorized

distributor of bicycle frames manufactured by SA for sale in the United States. (Compl. at 3, ECF No. 1).

On August 5, 2013, Liger brought this action seeking a declaratory judgment denying ownership and registration of the SARTO trademark in the United States to SA and granting ownership and registration of the same to Liger; as well as damages against SA for claims of federal unfair competition, common law unfair competition, unfair competition under N.J.S.A. 56:4-1, tortious interference with contract, breach of contract, breach of the implied covenant of good faith and fair dealing, and conversion, arising under the Lanham Act, 15 U.S.C. §§ 1051-1127 and the common and statutory laws of the state of New Jersey. (See generally ECF No. 1). SA asserted the following counterclaims: (1) declaratory judgment, (2) false designation of origin and unfair competition under the states of the United States (15 U.S.C. § 1125(a)), (3) trademark infringement under the common law, (4) unfair competition under the common law, (5) unfair competition under N.J. STAT. ANN. §56:4-1, (6) trade name infringement in violation of the common law, (7) cybersquatting in violation of federal law, (8) tortious interference with prospective economic advantage, (9) trade libel in violation of the common law, (10) breach of the covenant of good faith and fair dealing, (11) violation of right of publicity under the common law, (12) violation of the New Jersey Fraud Act N.J.S.A. 56:8-2, and (13) unjust enrichment. (See generally ECF No. 42).

The parties filed cross-motions for summary judgment. (ECF 81, 84, 85, 89, 92). On August 10, 2016, the Honorable Jose L. Linares granted those motions for summary judgment in part and denied them part. (ECF No. 93). Judge Linares granted summary judgment in Defendant's favor on following claims of Plaintiff's Complaint: (1) declaratory judgment, (2) false designation of origin of products, false advertising and false description and representation, (3)

common law of unfair competition, (4) unfair competition under N.J.S.A. 56:4-1, and (5) tortious interference with contract. (See generally, ECF No. 94). Additionally, Judge Linares entered summary judgment in Plaintiff's favor on the following claims of Defendants' counterclaim: (1) declaratory judgment, (2) false designation of origin and unfair competition under the statutes of the United States (15 U.S.C. § 1125(a)), (3) trademark infringement under the common law, (4) unfair competition under the common law, (5) trade name infringement in violation of the common law, (6) cybersquatting in violation of federal law, and (7) violation of right of publicity under the common law. (Id.).

Judge Linares also held that Defendants are alone entitled to register the SARTO mark with the United States Patent and Trademark Office in connection with bicycles, bicycle frames, and bicycle parts (Id.). Plaintiff was also directed to forfeit and cancel the domain name "sartocycles.com" and any domain names related thereto. (Id.).

## II. LEGAL ANALYSIS

### a. "Good Cause" Analysis Under Rule 16

Defendants move to join Marco Bonelli "Bonelli" as a defendant to Defendants' counterclaims and to add claims against Bonelli for fraud. (ECF No. 115). Motions for leave to amend are typically resolved by applying the liberal "when justice so requires" standard set forth in Federal Rule of Civil Procedure 15(a)(2). Where, however, a scheduling order sets a deadline for the amendment of pleadings and a party seeks amendment after that deadline has passed, the party must first meet Federal Rule of Civil Procedure 16's "good cause" standard, as a threshold matter, before the Court will move on to a Rule 15 analysis. Stallings ex rel. Estate of Stallings v. IBM Corp., No. 08-3121 (RBK), 2009 U.S. Dist. LEXIS 81963, *44-46 (D.N.J. Sept. 8, 2009) (citations omitted). This is because motions to amend that are filed after a scheduling order

3

deadline has passed are treated as motions to amend the pretrial scheduling order, see id. at *46 (citing Assadourian v. Harb, 71 Fed. R. Serv. 3d 693 (D.N.J. 2008) aff'd, 430 F. App'x 79 (3d Cir. 2011)); (see also Dimensional Commc'ns., Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (finding that plaintiff must satisfy Rule 16's "good cause" requirement if seeking to amend the complaint after the deadline for amending pleadings has passed)), and, under Rule 16(b)(4), a scheduling order may only be modified for good cause. In these situations, the Court must conduct a threshold "good cause" inquiry under Rule 16 because scheduling orders would otherwise "be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990); Washington v. Hovensa LLC, 652 F.3d 340 (3d Cir. 2011) (noting that a Magistrate Judge acted within his discretion when denying request to extend expert deadlines where the plaintiff failed to establish good cause to modify the deadlines set out in the operative pretrial scheduling order). Only after the party seeking a late amendment has established "good cause" for the application will the Court evaluate the proposed amendment under Federal Rule of Civil Procedure 15(a).

When issuing the Pretrial Scheduling Order in this matter, the Court established a November 3, 2014 deadline for the addition of parties. (ECF No. 38 at 2). Defendants did not file a motion for leave to add Marco Bonelli until February 13, 2017. (ECF No. 115-1). The Court must therefore determine whether Defendant has demonstrated good cause for amending the Pretrial Scheduling Order to permit them to seek amendment at this stage of the litigation before it may consider Defendant's proposed amendment under Federal Rule of Civil Procedure 15. If Defendant cannot establish such good cause, the Court must deny Defendant's motion.

The mere absence of prejudice to the non-moving party does not, in itself, constitute "good cause" under Fed. R. Civ. Proc. 16. Globespan Virata, Inc. v. Texas Instruments Inc., No. 03–2854 (GEB), 2005 U.S. Dist. LEXIS 16348, at *10 (D.N.J. July 12, 2005) (internal citation omitted). The most common reason for a finding of good cause is the party's knowledge of the potential claim before the deadline to amend has passed. See Stallings v. IBM Corp., 2009 WL 2905471, at 16 (citing Dimensional Commc'ns., Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (defendant "could not satisfy Rule 16(b)'s good cause requirement because [it] was in possession of the facts underlying the proposed counterclaim well before the amendment deadline."); Prime Ins. Syndicate v. United Risk Mgmt. Services, 2006 WL 2085388, at *5 (D.N.J. July 25, 2006); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 1990 U.S. Dist. LEXIS 17282 (D.N.J. Oct. 11, 1990) ("[t]his is most definitely not a motion in which any of the defendant's six proposed new affirmative defenses arose from recent discovery in the case.").

Defendants argue that adding Bonelli as a Defendant to its counterclaims is necessary because Bonelli is the sole owner of Liger and "piercing of the corporate veil" is appropriate equitable relief in this case. (Def. Br. at 4, ECF No. 115-1). Defendants assert that the "trial exhibits prepared by the parties show that Liger was formed to perpetrate fraud and injustice and to create a pretext for claiming an ownership interest in Sarto's trademark SARTO." (Id. 4). Defendants do not identify the exhibits they believe demonstrate Bonelli formed Liger6 to commit the alleged fraud. Defendants argue that Bonelli created a judgment proof corporation solely for the purpose of providing insulation against liability." (Id. at 9). In support of its argument, Defendants state that Liger has no assets, "except the trademark applications for the mark SARTO, which were based on Bonelli's fraudulent claim of trademark ownership." (Id.).

5

Defendants contend that Bonelli should be held personally liable for using Liger as its alter ego. (Def. Rep. at 9, ECF No. 126).

Defendants assert that this motion is timely as they did not learn of Bonelli's actions until after the closing of discovery. (Id. at 10). Defendants contend that this motion "was triggered by the new allegation in Liger's Pretrial Order that Sarto granted and breached an 'oral exclusive distributorship agreement.'" (Id.). Furthermore, Defendants argue that they had no indication of Bonelli's role as "[p]rior to the close of discovery, Bonelli led Sarto to believe through his conduct and deposition testimony that he had no assets and that pursuing a claim against him individually would be futile." (Id.). Defendants argue that "it is now apparent that Bonelli does in fact have assets and that he will continue to harass Sarto unless or until he is exposed personally to liability for his wrongdoing." (Id.) Defendants do not cite to any document in support of this argument.

Plaintiffs object to the joining of Bonelli at this stage of litigation. (Pl. Opp. At 6, ECF No. 118). Plaintiffs argue that Defendants failed to meet the "high burden" of good cause. (Id.). Plaintiffs argue that Defendants have failed to demonstrate that the motion is timely: "Defendants' theory to justify the extraordinary relief of veil piercing-that Mr. Bonelli perpetrated fraud by seeking to obtain a trademark for the Sarto brand-has been known to Defendants since the outset of this case in August 2013." (Id.).

Furthermore, Plaintiffs disagree with Defendants argument that Liger6 is not a fully operating company. (Id. at 5.). In support of their argument that Liger6 is not a shell company, Plaintiffs cite to Liger6's "Certificate of Formation" that demonstrates Liger6 was formed in 2007, "three years before Bonelli met the Sarto's". (ECF No. 118-3). Additionally, Plaintiffs site to Bonelli's deposition transcript and a portion of a document entitled "2011 Liger Financial Summary". (ECF No. 119-1). Plaintiffs aver that "Defendants have failed to proffer any facts or

evidence to satisfy the highly demanding standard to ignore Liger6's corporate structure." (Id. 7-8). Plaintiffs argue that the record does not support that Liger6 has been abused by Bonelli or that the Defendants are entitled to the equitable relief of piercing the corporate veil. (Id. at 8-13).

Moreover, Plaintiffs argue that Defendants failed to demonstrate an excuse for their lack of due diligence in filing this motion. (Id. at 7). Plaintiffs argue, "[n]otably, Defendants[] point to Mr. Bonelli's deposition testimony as part of its purported basis to add him as a counterclaimant defendant. Even if the deposition testimony included support for Defendants' fraud theory-which it does not- Defendants took that deposition more than a year ago." (Id.).

Additionally, Plaintiffs assert that they would be prejudiced if the Court granted Defendants motion to add Bonelli and the new claims of fraud. (Id.). Plaintiffs contend that such amendments at this juncture would be highly prejudicial. Plaintiffs assert that Defendants motion is prejudicial as discovery is closed, the opportunity to file a summary judgment motion has expired, the parties have expended time and resources, and the parties finalized the pre-trial order. (Id.).

The Court finds that Defendants have failed to demonstrate good cause to add Bonelli as a Defendant to its counterclaims. The Court is not persuaded by Defendants argument that they first learned of the need to add Bonelli as a Defendant once the parties finalized the final pretrial order. Defendants argue that the trial exhibits demonstrate that Liger was formed to "perpetrate fraud and injustice." Defendants do not identify the exhibits they believe demonstrate Bonelli formed Liger to commit the alleged fraud. Nor do Defendants explain when they first saw the documents. The Court has to conclude that Defendants obtained these documents in discovery. Furthermore, Defendants cited to Bonelli's deposition numerous times in support of their motion. However, Defendants conducted Bonelli's deposition over a year ago and exchanged discovery prior to the

7

taking of Bonelli's deposition. (Id. at 7). There has been no additional evidence produced after the closing of discovery that would excuse a late filing of this motion. Furthermore, Defendants failed to address their lack of diligence in filing this motion sooner.

As this Court finds that Defendant cannot establish good cause to add Bonelli, the Court must deny Defendants' motion.

### III. CONCLUSION

Accordingly, and for the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Join Marco Bonelli is **DENIED**. (ECF No. 115).

**SO ORDERED**

_____
**JOSEPH A. DICKSON, U.S.M.J.**

cc: Hon. Jose L. Linares, U.S.D.J.