**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIGER6, LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br>v.<br><br>SARTO ANTONIO and SARTO S.r.l.,<br><br>    Defendants/ Counterclaim Plaintiffs | Civil Action No. 13-4694 (JLL) (JAD)<br><br>OPINION And Order GRANTING DEFENDANTS' MOTION TO ALLOW ANTONIO SARTO TO TESTIFY BY TELEPHONE AT TRIAL |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Defendants' motion for Antonio Sarto to testify by telephone at trial. (ECF No. 113). Pursuant to Federal Rule of Civil Procedure 78, the Court resolves Defendants' application without oral argument. After having carefully considered the parties' submissions, and for good cause shown; and

**WHEREAS**, Defendant, The Sarto Entities, is a high-tech custom Italian bicycle manufacturing company controlled by Antonio Sarto and his son, Enrico Sarto (collectively "SA" or "Defendants"); and

**WHEREAS**, on February 13, 2017, Defendants filed a motion pursuant to Federal Rule of Civil Procedure 43 requesting that this Court permit Defendant Antonio Sarto ("A. Sarto") to testify by phone at trial (ECF No. 113); and

**WHEREAS**, Plaintiffs object to Defendants' motion because Plaintiff contends that they have a fundamental right to have A. Sarto present to testify at trial in open court and Defendants have not demonstrated good cause required by Federal Rule of Civil Procedure 43 (See generally ECF No. 116); and

**WHEREAS**, Federal Rule of Civil Procedure 43 states that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a); and

**WHEREAS**, Defendant A. Sarto is 86 years old and currently resides in Italy. A. Sarto states that due to his age, health and stamina is unable to travel to the United States to testify at trial. (A. Sarto Decl. at 2, ECF No. 120-3); and

**WHEREAS**, Defendant A. Sarto provided a letter dated March 13, 2017 from his doctor, Dr. Giampaolo Pasquetto that indicates that due to A. Sarto's medical condition, A. Sarto is advised not to travel to the United States to testify at trial. (Pasquetto Ltr. at 2, ECF No. 120-2); and

**WHEREAS**, the Court has reviewed A. Sarto's declaration and Dr. Giampaolo Pasquetto's letter; and

**WHEREAS**, the Court finds that Plaintiff's counsel traveled to Italy to take the deposition with full knowledge of Mr. Sarto's age; and

**WHEREAS**, the Court finds that any prejudice suffered by Plaintiff will be outweighed by the harm to A. Sarto if he is required to fly to the United States against his doctor's advice; and

**WHEREAS**, the Court finds that any harm to the Plaintiff is reduced by the taking of testimony by video which allows the Court and the jury to observe A. Sarto's demeanor and credibility; and

**WHEREAS**, the Court finds that for the foregoing reasons A. Sarto has demonstrated good cause pursuant to Federal Rule of Civil Procedure 43; and

**IT IS** on this  18th  day of August, 2017,

**ORDERED** that Defendants' motion, (ECF No. 113), is **GRANTED**; and it is further

**ORDERED** that Defendant A. Sarto shall be permitted to testify in open court by video transmission from a different location; and it is further

**ORDERED**, that Defendants shall pay any and all costs associated with the video transmission.

                            **SO ORDERED**

                            **JOSEPH A. DICKSON, U.S.M.J.**

cc: Hon. Jose L. Linares, C.J.