**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIGER6, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SARTO ANTONIO, *et al.*, <br><br> Defendants. | Civil Action No. 13-4694 (JLL) <br><br> **OPINION** |

This matter comes before the Court by way of Defendants Sarto Antonio and Sarto S.r.l.'s proffers in connection with the Court's January 8, 2019 Order on the motions in limine ("MIL Order"), (ECF Nos. 196–98), as well as other issues raised during the January 22, 2019 oral argument on said proffers. Specifically, Defendants request that the following information be presented to the jury:

(1) evidence of the ownership of the SARTO trademark and the proceedings related to said trademark before the United States Patent and Trademark Office and this Court;

(2) evidence of damages for tortious interference;

(3) evidence of damages for Plaintiff Liger6, LLC's post March 2013 activities in connection with Defendants' remaining and undecided counterclaims; and

(4) the testimony of Andrea Maniezzo as a witness for Defendants' case in chief.

The Court has heard arguments from both parties and, for the reasons stated below, finds that Defendants' may present evidence regarding the SARTO trademark and related proceedings as well as evidence of Plaintiff's bad faith in violation of the covenant of good faith and fair dealing. However, Defendants may not call Maniezzo to testify as a witness in their case in chief

and, because they have not set forth sufficient evidence of damages, may not present their counterclaims, which must be dismissed.

## I. BACKGROUND

The Court writes for the parties who are familiar with this case and its background and shall therefore not restate the facts in this Opinion. (*See* ECF No. 93 (showing procedural history of the case); ECF No. 193 (showing rulings on motions in limine)).

## II. ARGUMENTS & ANALYSIS

### A. Prior Proceedings Pertaining to the SARTO Trademark

As the Court already determined in its MIL Order, (*see* ECF No. 193 at 1), and during the January 22, 2019 oral argument of Defendants' proffer, the prior proceedings regarding the SARTO trademark are relevant to the parties' intent, or lack thereof, to enter into an agreement, the surrounding circumstances of any alleged agreement and Defendants' alleged justification in terminating the agreement if it existed, as well as the credibility of Mr. Marco Bonelli, Plaintiff's principal. Therefore, Defendants' request is granted. However, at the time Defendants wish to introduce evidence regarding the SARTO trademark, the Court shall instruct the jury as to its existence and ownership and shall clarify that there is no issue for them to determine regarding the existence or ownership of same and the limited purpose for which the evidence is being offered.

### B. Defendants' Evidence of Damages for their Counterclaims

1. <u>Damages as to Defendants' Unfair Competition, Tortious Interference, Trade Libel, Right to Publicity, and Unjust Enrichment Counterclaims.</u>

In their proffer to the Court, Defendants request that evidence of damages stemming from Plaintiff's activities post March 2013 and from Plaintiff's alleged tortious interference with

2

Defendants' business be presented to the jury.[1] The Court has reviewed the written submissions, oral arguments of counsel, and the transcript of the motions in limine argument previously entertained in the Court. For the following reasons, the Court denies Defendants' requests.

These issues were first raised in the parties' motions in limine. (*See* ECF No. 153). At the conclusion of oral argument on said motions, the Court in an abundance of caution, and to be fair to Defendants, gave Defendants an opportunity by way of additional time to proffer any credible evidence of damages as to the remaining counterclaims. (ECF No. 193 at 2). These counterclaims include the following causes of action under New Jersey law: (1) unfair competition; (2) tortious interference; (3) trade libel; (4) breach of the covenant of good faith and fair dealing; and (5) unjust enrichment. As discussed during the January 22, 2019 oral argument, this evidence regarding damages also pertains to Defendants' claim for the violation of their right to publicity, which the Court already determined in favor of Defendants as to liability at the summary judgment stage. In granting Defendants an opportunity to proffer said evidence, the Court was concerned that allowing these counterclaims to be presented to the jury without any admissible evidence of damages proximately caused by Plaintiff's actions would be confusing to the jury and highly prejudicial, yet of little to no probative value in the absence of provable damages.

Notwithstanding the additional time provided by the Court and the opportunity to address the evidence of damages with clarity, and notwithstanding Defendants' attempt to proffer same and the Court's specific request to Defendants' counsel, Defendants have been unable to articulate any evidence in the record from which a reasonable fact finder would be able to find damages on any of these claims. Defendants' best arguments for the evidence of damages raised in their proffers relate to their counterclaim for tortious interference, in which Defendants allege that: (1)

---

[1] These are requests (2) and (3) listed at the beginning of this Opinion. As they raise identical concerns and lead the Court to an identical outcome, they shall be addressed as one request.

3

they did not pursue any opportunities with customers such as Competitive Cyclist out of fear that doing so would prejudice them in this action or expose their customers to litigation; and (2) Defendants lost business with its customer Serious Cycling after Plaintiff sent a letter claiming that Serious Cycling was violating Plaintiff's trademark rights and threatening Serious Cycling with litigation. (ECF No. 198 at 2–3).

The Court is not persuaded by this evidence or any other evidence proffered by Defendants. As discussed during the January 22, 2019 oral argument, Defendants evidence regarding Competitive Cycling, and what Competitive Cycling may or may not have done, is not only speculative, but also does not show that Defendants suffered due to Plaintiff's conduct. Rather, this evidence involved a choice made by Defendants themselves especially considering, for example, that Plaintiff did not send Competitive Cycling a letter such as the one sent to Serious Cycling. With regard to Serious Cycling, Defendants were unable to answer the Court's questions regarding what evidence of damages would be shown at trial, and merely stated that *they believe Enrico Sarto would be able to quantify said damages* without any further explanation even in the face of specific inquiry from the Court. These assertions presented by Defendants' counsel without more are too speculative and without basis to comport with this Court's requirements for the proffer of evidence to be presented at trial, and alone would only create undue prejudice and distract the jury. Though the Court was originally hesitant to dismiss Defendants' remaining counterclaims, it is now evident as the trial is about to begin that there is no evidence of damages to support Defendants' remaining counterclaims and/or the right to publicity counterclaim. Therefore, the Court finds that Defendants are barred from presenting evidence of damages for their unfair competition, tortious interference, trade libel, right to publicity, and unjust enrichment counterclaims to the jury, and that said counterclaims must therefore be dismissed.

### 2. Defendants' Breach of the Covenant of Good Faith and Fair Dealing Counterclaim

Notwithstanding the Court's determination above, Defendants are nevertheless permitted to present evidence of Plaintiff's bad faith in violation of the covenant of good faith and fair dealing. Defendants indicated to the Court during the January 22, 2019 oral argument that they are not arguing that they suffered damages in connection with Plaintiff's alleged breach of an oral agreement, but rather intend to point to Plaintiff's alleged bad faith as justification for terminating the supposed oral agreement. Therefore, this claim is properly understood as an affirmative defense rather than a counterclaim. During the January 22, 2019 oral argument, Plaintiff agreed to Defendants' framing of the issue in this way. Accordingly, Defendants are permitted to present evidence to the jury that Plaintiff breached the covenant of good faith and fair dealing to the extent that any such evidence is relevant and admissible to the defense of Plaintiff's breach of contract.

### C. Testimony of Andrea Maniezzo

During the January 22, 2019 oral argument, Plaintiff indicated that they would withdraw Luca Bongiovanni as a witness and informed the Court that Defendants now sought to have Maniezzo testify in their case in chief. Upon a review of the procedural history and the context in which the Court initially permitted Maniezzo as a late added witness, the Court denies Defendants' request.

In its original motion in limine, Plaintiff wanted to exclude any testimony of Maniezzo because said witness had not been not properly disclosed or named as a potential witness in discovery. At that time, in its brief in opposition, Defendants indicated that Maniezzo was needed as a rebuttal witness to Plaintiff's witness, Bongiovanni. In fact, Defendants' counsel represented to the Court that they are "not opposed to the court precluding both [Maniezzo and Bongiovanni] from testifying as this will cure any potential prejudice . . . ." (ECF No. 165 at 23). Furthermore,

during oral argument on the motions in limine, Defendants reiterated the representation to the Court that they wanted to include Maniezzo as a rebuttal witness to Bongiovanni's testimony. (*See* ECF No. 183:8–11). In the interest of fairness to Defendants, the Court permitted the opening of discovery at the eleventh hour and enabled the Defendants to call Maniezzo as a rebuttal witness with the caveat that he was made available for deposition by Plaintiff prior to trial. (ECF No. 193 at 3). Apparently in reliance of the Court's Order, Plaintiff thereafter deposed Maniezzo, presumably expecting that he would be called as a rebuttal witness to Bongiovani's testimony.

As Plaintiff correctly pointed out during the January 22, 2019 oral argument, and as Defendants represented on several occasions, rebutting the testimony of Bongiovanni was the reason the Defendants needed Maniezzo as a witness and was in fact the only basis upon which the Court allowed the addittion of Maniezzo as a defense witness at such a late date. To put it differently, had Maniezzo not been disclosed and had he not been needed to rebut Bongiovanni's testimony, the Court would not have permitted his inclusion after the close of discovery. Considering Bongiovanni will no longer be testifying, and the rebuttal of said testimony was the Court's sole reason for permitting Maniezzo to testify, the Court finds that Maniezzo's testimony is no longer permitted. Therefore, assuming Bongiovanni does not testify, the Court shall not allow Defendants to call said witness in their case in chief.

### III. CONCLUSION

For the reasons articulated above, Defendants' requests are granted in part and denied in part. Specifically, Defendants may submit evidence to the jury of the SARTO trademark and related proceedings as well as evidence of Plaintiff's bad faith, but Defendants may not present to the jury their other remaining counterclaims, as they have failed to support said counterclaims with

sufficient evidence of damages. Additionally, Defendants cannot call Maniezzo as a witness in their case in chief. An appropriate Order accompanies this Opinion.

Dated: January 23, 2019.

                                                  **JOSE L. LINARES**
                                                  Chief Judge, United States District Court