NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIGER6, LLC, | Civil Action No. 13-4694 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| SARTO ANTONIO, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Liger6, LLC's motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a). (ECF No. 210). Defendants Sarto Antonio and Sarto S.r.l. filed opposition. (ECF No. 223). During the trial, the parties agreed that this motion would be decided after the jury returned its verdict. Now, upon consideration of the filings of the parties, the trial transcripts, and the evidence presented during the trial, the Court hereby denies Plaintiff's motion.

## I. BACKGROUND

The Court writes for the parties who are familiar with this case and its background, and the Court shall therefore not restate the facts in this Opinion. (*See* ECF No. 93 (setting forth the procedural history of the case)).

## II. LEGAL STANDARD

The Court may grant a motion for judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving] party" on a particular issue. Fed. R. Civ. P. 50(a). The Court must "view the evidence in the light most favorable to the

nonmovant and give it the advantage of every fair and reasonable inference." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). "The Court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Id.*

### III. ANALYSIS

This case involves an alleged oral contract that was entered into by the parties in either late February or early March of 2011, which was allegedly breached by Defendants when they terminated their relationship with Plaintiff.

Under New Jersey law, the existence of an oral contract is shown by: (1) mutual assent of the parties, or an offer and acceptance; (2) consideration from both parties; and (3) "sufficiently definite terms so that the performance to be rendered by each party can be ascertained with reasonable certainty." *Shogen v. Glob. Aggressive Growth Fund, Ltd.*, No. 04-5695, 2007 WL 2264978 (D.N.J. Aug. 3, 2007) (quoting *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435, 608 A.2d 280 (1992)). Furthermore, Plaintiff must show that Defendants breached this oral agreement and that said breach resulted in damages to Plaintiff. *Red Roof Franchising, LLC v. Patel*, 877 F. Supp. 2d 124, 131 (D.N.J. 2012) (quoting *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007)).

Plaintiff argues that it presented sufficient evidence to show that: (1) an oral contract existed; and (2) said agreement was breached. (ECF No. 210 at 2). Plaintiff further argues that Defendants did not sufficiently rebut these findings in order for a reasonable jury to find against Plaintiff. (*Id.*). However, as discussed in more detail below, there is sufficient evidence in the record rebutting each element of a contract claim, and therefore a reasonable jury could conclude that there was no contract and, even if there was, that Defendants did not breach it.

### A. Offer & Acceptance

In its brief, Plaintiff relies predominately on Marco Bonelli's testimony to show that there was an offer and acceptance. (ECF No. 210 at 2–4). Specifically, Bonelli testified that he offered to Enrico Sarto that Bonelli would market the SARTO brand in the United States in exchange for an exclusive distributorship in the United States and joint ownership of the SARTO trademark. (ECF No. 210 at 2–4). Bonelli further testified that Enrico Sarto accepted this offer. (*Id.*). On the other hand, however, Enrico Sarto and Antonio Sarto both testified that they never accepted any agreement granting Plaintiff an exclusive distributorship or joint trademark ownership. (Jan. 25, 2019 Trial Tr. at 73:14–16, 74:16–19, 102:24–103:13). To support this claim, Defendants point to the fact that the draft agreements exchanged between the parties made no mention of a prior oral agreement, which according to Defendants indicates that the essential terms of the agreement were still being decided. (*See* DTX. 1 at 18, 20; DTX. 2 at 18, 20). Considering the decision reached by a reasonable jury as to whether or not there was an offer and acceptance depends on the credibility given to each of the contradicting witnesses, it would be inappropriate for the Court to determine as a matter of law that there was an offer and acceptance in this case.

### B. Consideration

With regard to consideration, Plaintiff points to Bonelli's testimony that he marketed the SARTO brand by among other things: (i) purchasing booths at trade shows; (ii) developing a logo and website; and (iii) sponsoring athletes. (ECF No. 210 at 5). However, as pointed out by Defendants, Bonelli conceded during cross-examination that there was no specific capital he was required to invest in consideration for an exclusive distributorship and joint ownership of the SARTO trademark. (Jan. 24, 2019 Trial Tr. at 64:5–22). Defendants argue that Plaintiff's promise to market the brand without more was not sufficient or specific to an agreement for an exclusive

distributorship. (ECF No. 223 at 11). Rather, as Enrico Sarto testified during the trial, the consideration given between the parties could be viewed as the usual relationship of a seller of bicycles and a buyer who received a discount for a large order. (*See* Jan. 25, 2019 Trial Tr. 102:1–103:13). If a jury was to credit Defendants' evidence over the testimony and evidence presented by Bonelli, then they could reasonably find that there was no consideration for an exclusive distributorship and/or joint trademark ownership. Accordingly, irrespective of the Court's conclusion as to an offer and acceptance, the question of whether there was consideration should not be taken from the jury.

## C. Definite Terms

The parties do not raise arguments pertaining to the definiteness of the oral agreement's central terms. (*See generally* ECF Nos. 210, 223). However, the Court notes that Defendants raised several issues at trial regarding the specificity of the terms of the alleged oral agreement. For example, as discussed above, Bonelli conceded that there was no set amount that the parties were expected to spend. (Jan. 24, 2019 Trial Tr. at 64:5–22). Furthermore, Bonelli stated that there was no set termination date for the alleged oral agreement, but rather either party could terminate their relationship if the business was not producing results. (Jan. 24, 2019 Trial Tr. at 66:1–68:6). Bonelli did not explain how long Defendants needed to wait before determining that the business was unsuccessful in order for them to terminate their relationship with Plaintiff, but instead Bonelli stated that such a determination would be made "in the early stages" or after a "reasonable amount" of time. (Jan. 24, 2019 Trial Tr. at 66:21–25, 68:3–6). Based on these representations, a jury may reasonably conclude that the terms of the oral agreement were not sufficiently definite to bind the parties' performance, and therefore the Court cannot conclude as a matter of law that there was an oral agreement.

## D. Breach

1. <u>Justification for Breach</u>

If an oral agreement did exist, Plaintiff claimed at trial that Defendants breached said agreement by terminating the parties' relationship and then dealing directly with Plaintiff's customers. (ECF No. 210 at 6). However, Defendants have presented evidence that would allow a reasonable jury to conclude that Defendants were justified in terminating the oral agreement, based on: (1) Plaintiff's alleged failure to perform; and (2) Plaintiff's alleged bad faith. The Court shall address each of these points below.

   *a. Failure to Perform*

As stated above, Bonelli testified that the parties would be able to terminate the agreement if the business was unsuccessful. (Jan. 24, 2019 Trial Tr. at 66:9). Defendants argue that the business was in fact unsuccessful and that they were therefore justified in terminating the alleged oral agreement under its terms. (ECF No. 223 at 12). The Court finds that there is evidence in the record to support this argument. For example, both Bonelli and Flavia Canal testified that the business was not profitable during the time that the parties allegedly worked together. (Jan. 24, 2019 at Trial Tr. at 77:18–78:9; Jan. 25, 2019 Trial Tr. at 9:1, 10:12–25). Though Bonelli testified that he expected to enter into a lucrative deal with backcountry.com, (ECF No. 210 at 9), he was unable to point to any specific contract or writing that indicated that said deal with backcountry.com existed. When viewed in the light most favorable to Defendants, a reasonable jury may infer from this record that the business relationship between the parties was unsuccessful and that Defendants were therefore justified in terminating the agreement. Accordingly, the Court cannot determine as a matter of law that Defendants were not justified in terminating the alleged oral agreement based on Plaintiff's supposed failure to perform.

*b. Bad Faith*

Defendants also argued during the trial that they were justified in terminating the alleged oral agreement because Plaintiff acted in bad faith by attempting to take ownership of the SARTO trademark without Defendants' knowledge. The Court finds that Defendants presented evidence at trial supporting this argument. For example, both Enrico and Antonio Sarto testified that they never gave Bonelli permission to register the SARTO trademark and that Bonelli nevertheless attempted to do so on two occasions—once for joint-ownership with Defendants and then for sole ownership for himself. (Jan. 25, 2019 Trial Tr. at 72:8–73:6, 113:1–6). Additionally, Enrico Sarto testified that he confronted Bonelli about the abovementioned SARTO trademark applications, and that Bonelli refused to abandon his application for sole ownership of the trademark. (Jan. 25, 2019 Trial Tr. at 114:17–19, 116:2–6, 117:5–24). Viewing this evidence in the light most favorable to Defendants, a reasonable jury could conclude that Defendants were justified in terminating the alleged oral agreement based on Plaintiff's supposed bad faith attempts to misappropriate the SARTO trademark. Accordingly, the Court cannot determine as a matter of law that Defendants were not justified in terminating the alleged oral agreement based on Plaintiff's supposed bad faith.

2. Authority to Enter Oral Agreement

In its brief, Plaintiff also argues that a reasonable jury could not conclude that Enrico Sarto lacked the proper authority to enter into the alleged oral agreement. (ECF No. 210 at 11–16). However, both Antonio and Enrico Sarto testified that Enrico Sarto did not have the authority to enter into the type of oral agreement alleged by Plaintiff. (Jan. 25, 2019 Trial Tr. at 71:11-24, 98:14-22). While Plaintiff is certainly able to argue to the jury that Enrico Sarto either had express or apparent authority to bind Antonio Sarto and his business, the abovementioned evidence presented by Defendants, when viewed in the light most favorable to them, could nevertheless lead

a reasonable jury to conclude that Enrico Sarto did not possess the necessary authority to bind Antonio Sarto and his business. Therefore, the issues surrounding Enrico Sarto's authority to enter into the alleged oral agreement should be left for a determination by the jury.

**E. Damages**

Plaintiff argues that it is entitled to damages as a matter of law because Bonelli and Canal invested their life savings in marketing the SARTO brand in the United States in reliance on the alleged oral agreement that they would have exclusive distributorship of Defendants' products. (ECF No. 210 at 9). However, as discussed above, Bonelli testified that he was not required to spend any set amount under the oral agreement. (Jan. 24, 2019 Trial Tr. at 64:5–22). Furthermore, Bonelli testified that he, not the Defendants, decided how to market the brand and how much to spend. (Jan. 24, 2019 Trial Tr. at 74:13–20). Bonelli also testified that Enrico Sarto never promised to reimburse Bonelli for the money Bonelli spent. (Jan. 24, 2019 Trial Tr. at 74:13–20). When viewed in a light most favorable to Defendants, a reasonable jury could conclude from this testimony that Plaintiff's losses were not the result of a breach of the oral agreement but rather were optional expenses taken at Plaintiff's own discretion. Therefore, there is at least an open question as to whether or not Plaintiff suffered damages from Defendants' alleged breach of the supposed oral agreement, which should not be taken from the jury.

**F. Breach of the Covenant of Good Faith and Fair Dealing**

A claim for breach of the covenant of good faith and fair dealing requires that "a contract exist between plaintiff and defendant." *Coleman v. Deutsche Bank Nat'l Tr. Co.*, No. 15-1080, 2015 WL 2226022, at *5 (D.N.J. May 12, 2015) (citation omitted). As the Court has already found that a reasonable jury could conclude that there was no oral agreement, and has already addressed the evidence which provides sufficient support for said conclusion, the Court further finds that a

reasonable jury could conclude from this evidence that Defendants did not breach the covenant of good faith and fair dealing. Moreover, it would be inappropriate for the Court to find as a matter of law that Defendants breached the covenant of good faith and fair dealing, considering a reasonable jury could find that no contract existed in the first place. Therefore, Plaintiff's claim for breach of the covenant of good faith and fair dealing should be left for a determination by the jury.

## IV. CONCLUSION

For the aforementioned reasons, the Court finds that a reasonable jury could conclude that there was no oral agreement and, even if there was, that Defendants did not breach said agreement. Accordingly, Plaintiff's motion for judgment as a matter of law is hereby denied. An appropriate Order follows this Opinion.

Dated: February 14th, 2019.

**JOSE L. LINARES**
Chief Judge, United States District Court