UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIGER6, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SARTO ANTONIO, *et al.*,<br><br>    Defendants. | Civil Action No. 13-4694 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Liger6, LLC's renewed motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b), or alternatively for a new trial, pursuant to Federal Rule of Civil Procedure 59(a). (ECF No. 227). Defendants Sarto Antonio and Sarto S.r.l. filed opposition. (ECF No. 232). Plaintiff did not file a reply within the time permitted under the Federal Rules of Civil Procedure and Local Civil Rules. The Court decides this matter on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court denies Plaintiff's Motion.

# I. BACKGROUND

The Court writes for the parties who are familiar with this case and its background, and the Court shall therefore not restate the facts in this Opinion. (*See* ECF No. 93 (setting forth the procedural history of the case)).

# II. DISCUSSION

## A. Renewed Motion for Judgment as a Matter of Law

### 1. Legal Standard

To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party "must show that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusions implied from the jury's verdict cannot in law be supported by those findings." *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed. Cir. 1984); *accord Price v. Del. Dep't of Corr.*, 40 F. Supp. 2d 544, 549 (D. Del. 1999). In assessing the sufficiency of the evidence, the court must give the non-moving party, "as [the] verdict winner, the benefit of all logical inferences that could be drawn from the evidence presented, resolve all conflicts in the evidence in his favor, and in general, view the record in the light most favorable to him." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991).

The court may not evaluate the credibility of the witnesses, may not weigh the evidence, and may not substitute its view of the evidence for the jury's view. *See Price*, 40 F. Supp. 2d at 550. Rather, the court must determine whether the evidence reasonably supports the jury's verdict. *See Gomez v. Allegheny Health Servs. Inc.*, 71 F.3d 1079, 1083 (3d Cir. 1995) (describing standard as "whether there is evidence upon which a reasonable jury could properly have found its verdict"); 9A Wright & Miller, *Federal Practice & Procedure* § 2524 at 249–66 (3d ed. 1995) ("The question

is not whether there is literally no evidence supporting the party against whom the motion is directed, but whether there is evidence upon which the jury properly could find a verdict for that party.").

2. Analysis

In renewing its motion for judgment as a matter of law, Plaintiff relies on the same arguments that the Court already considered in denying Plaintiff's initial motion for judgment as a matter of law. Specifically, Plaintiff again argues that, based on the evidence presented at trial, no reasonable jury could find against it as to the existence of an oral agreement between the parties and Defendants' breach of said oral agreement. However, as the Court already addressed in its prior Opinion, (ECF No. 224 at 3–7), a reasonable jury could have relied on the following substantial evidence presented by Defendants to rebut Plaintiff's claim for breach of an oral agreement:

- *No Offer & Acceptance* – Enrico Sarto and Antonio Sarto both testified that they never accepted any agreement granting Plaintiff an exclusive distributorship or joint trademark ownership. (Jan. 25, 2019 Trial Tr. at 73:14–16, 74:16–19, 102:24–103:13). Furthermore, none of the draft agreements were signed by Defendants, which according to Defendants indicated that the essential terms of the agreement were still being decided. (*See* DTX. 1 at 18, 20; DTX. 2 at 18, 20).

- *No Consideration* – Bonelli conceded during cross-examination that he was not required to invest any specific capital in exchange for receiving the exclusive distributorship of the SARTO mark. (Jan. 24, 2019 Trial Tr. at 64:5–22). Enrico Sarto testified during the trial that the consideration given between the parties was that of a seller of bicycles and a buyer

who received a discount for a large order, and did not indicate a binding oral agreement. (*See* Jan. 25, 2019 Trial Tr. 102:1–103:13).

- *No Breach* – Defendants claim they were justified in terminating the alleged agreement because of Plaintiff's failure to perform, which is supported by both Bonelli and Flavia Canal's testimony that the business was not profitable during the time that the parties allegedly worked together. (Jan. 24, 2019 Trial Tr. at 77:18–78:9; Jan. 25, 2019 Trial Tr. at 9:1, 10:12–25). Defendants also argue that they were justified in terminating the parties' relationship because of Plaintiff's bad faith, which is supported by Enrico and Antonio Sarto's testimony that they never gave Bonelli permission to register the SARTO trademark and that Bonelli nevertheless attempted to do so on two occasions—once for joint-ownership with Defendants and then for his sole ownership. (Jan. 25, 2019 Trial Tr. at 72:8–73:6, 113:1–6). This argument is further supported by Enrico Sarto's testimony that he confronted Bonelli about the abovementioned SARTO trademark applications, and that Bonelli refused to abandon his application for sole ownership. (Jan. 25, 2019 Trial Tr. at 114:17–19, 116:2–6, 117:5–24).

- *Lacked Authority to Enter Agreement* - Both Antonio and Enrico Sarto testified that Enrico Sarto did not have the authority to enter into the type of oral agreement alleged by Plaintiff, (Jan. 25, 2019 Trial Tr. at 71:11–24, 98:14–22), which a reasonable jury could have relied on to conclude that Enrico Sarto did not possess the necessary authority to bind Antonio Sarto and his business.

When viewed in the light most favorable to Defendants as the verdict winner, *see Williamson*, 926 F.2d at 1348, and for the reasons already expressed by the Court in its decision denying Plaintiff's motion for judgment as a matter of law, a reasonable jury could—and in all

4

likelihood, did—rely on this evidence to find against Plaintiff on its breach of an oral agreement claim.[1] Plaintiff has not raised any arguments that would change the Court's initial conclusion.

To the extent that Plaintiff raised any new arguments that were not in its original motion for judgment as a matter of law, the Court has considered and rejects same. For example, Plaintiff argued for the first time that a reasonable jury could not deny its claim for quantum meruit, because Bonelli and Flavia allegedly spent their life savings in developing Defendants' brand and were not compensated. (ECF No. 227-1 at 14–16). However, as the Court already addressed, Bonelli himself testified that he was not required to spend a specific amount of money under the alleged agreement nor were Defendants required to reimburse him for any amount spent. (Jan. 24, 2019 Trial Tr. at 64:5–22, 74:13–20). Furthermore, Enrico Sarto and Antonio Sarto both testified that Plaintiff never performed a service for them in good faith, because there was allegedly no relationship between the parties besides that of a buyer and seller, and Defendants never agreed to share ownership of their brand with Plaintiff. (Jan. 25, 2019 Trial Tr. at 73:14–16, 74:16–19, 102:24–103:13). A reasonable jury could conclude from this evidence that Plaintiff was not entitled to recover under a claim for quantum meruit. Accordingly, the Court rejects Plaintiff's Renewed Motion for Judgment as a Matter of Law.

**B. Motion for a New Trial**

1. Legal Standard

A motion for judgment as a matter of law that follows a jury verdict "may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). Federal Rule of Civil Procedure 59(a) provides that:

---

[1] As the Court already determined in its initial Opinion, (ECF No. 224 at 7–8), this evidence can also lead a reasonable jury to find against Plaintiff's claim for breach of the covenant of good faith and fair dealing.

5

> [t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . .

It is within the discretion of the district court to grant a new trial. *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995). Although Federal Rule of Civil Procedure 59 does not detail the grounds on which a new trial may be granted, the following grounds have been recognized by courts in the Third Circuit: "the verdict is against the clear weight of the evidence; damages are excessive; the trial was unfair; and that substantial errors were made in the admission or rejection of evidence or the giving or refusal of instructions." *Lightning Lube, Inc. v. Witco Corp.*, 802 F. Supp. 1180, 1186 (D.N.J. 1992) (citations omitted), *aff'd*, 4 F.3d 1153 (3d Cir. 1993). When reviewing a motion for a new trial, a court must view the evidence in the light most favorable to the party for whom the verdict was returned. *Wagner by Wagner v. Firestone Tire & Rubber Co.*, 890 F.2d 652, 656 (3d Cir. 1989).

Where a motion for a new trial is based primarily on the weight of the evidence, the discretion of the trial court is limited. *Klein v. Hollings*, 992 F.2d 1285, 1290 (3d Cir. 1993); *see also Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 366 (3d Cir. 1999). Indeed, "new trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." *Williamson*, 926 F.2d at 1353; *see also Greenleaf*, 174 F.3d at 366. Although a court is permitted to consider the credibility of trial witnesses and to weigh evidence, it must "exercise restraint to avoid usurping the jury's primary function." *Hurley v. Atl. City Police Dep't*, 933 F. Supp. 396, 403 (D.N.J. 1996), *aff'd*, 174 F.3d 95 (3d Cir. 1999).

Alternatively, a motion for a new trial based on an issue with an instruction given to the jury should be granted only if said instruction "fails to fairly and adequately present the issues in

the case without confusing or misleading the jury." *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 79 (3d Cir. 2009) (citations and internal quotations omitted). "It is well settled that a trial judge has substantial discretion to select the language to be used in instructing the jury on the law so long as the judge's instructions are correct and do not omit essentials." *United States v. Tiller*, 302 F.3d 98, 104 (3d Cir. 2002) (citations omitted).

2. <u>Analysis</u>

Plaintiff argues that it is entitled to a new trial because the jury verdict was against the weight of the evidence, and "the jury's question regarding the quantum meruit [claim] reveals their possible confusion over the applicable standard." (ECF No. 227-1 at 18). The Court rejects each of these arguments in turn.

a. *Weight of the Evidence*

In arguing that the jury's verdict was against the weight of the evidence, Plaintiff claims that: (1) the evidence it presented at trial should be viewed under the "less exacting standards of" a motion for a new trial; and (2) the jury's verdict led to a miscarriage of justice because Plaintiff did not recover for the amount it spent building Defendants' brand. (ECF No. 227-1 at 16). In making these arguments, Plaintiff fails to consider that the Court's discretion is limited in reviewing a motion for a new trial when, as is the case here, said motion is based on the weight of the evidence. *See Klein*, 992 F.2d at 1290; *see also Helena Chem. Co. v. Nelson*, No. 97-5662, 2000 WL 1880331, at *2 (D.N.J. Dec. 29, 2000) ("Motions for new trial are seldom granted, especially when the asserted ground is insufficiency of evidence and the subject matter is not particularly complex and deals with material which is familiar and simple.") (citations omitted). In such a circumstance, the Court only analyzes whether the jury's findings shocked the conscience or resulted in a miscarriage of justice. *Williamson*, 926 F.2d at 1353.

As the Court has now specifically determined on two occasions, there was sufficient evidence for a reasonable jury to find against Plaintiff's claims. The fact that the jury relied on this evidence over the evidence presented by Plaintiff in reaching the reasonable conclusion that the parties did not have an oral agreement, or alternatively that Defendants did not breach said agreement, does not shock the conscience or qualify as a miscarriage of justice. *See Williamson*, 926 F.2d at 1353 (concluding that a miscarriage of justice did not occur when the jury considered the evidence and made a credibility determination as to which evidence should be given greater weight). Accordingly, the Court finds that the jury's verdict was not against the weight of the evidence and therefore rejects Plaintiff's first argument.

### b. *Jury Instruction*

Plaintiff also claims that the jury may have been confused about the appropriate legal standard for Plaintiff's claim of quantum meruit based on the fact that the jury asked a question about quantum meruit during deliberations. (ECF No. 227-1 at 18). However, the Court need not conclude that the jury misapplied a legal standard merely because the jury asked a clarifying question. *See Montgomery Cty. v. Microvote Corp.*, No. 97-6331, 2001 WL 722150, at *8 (E.D. Pa. Jun. 25, 2001) (denying motion for a new trial after rejecting the argument that the jurors asking two questions indicated that they were confused); *see also Total Containment, Inc. v. Dayco Prods., Inc.*, No. 97-6013, 2001 WL 984708, at *12 (E.D. Pa. May 3, 2001) ("a court may not inquire into the internal workings of the jury's decisional processes on the mere suspicion of confusion.") (citations and internal quotations omitted).

Neither Plaintiff nor Defendants contend that the Court's quantum meruit instruction was a misstatement of the law or failed to fairly present the issues in the case. In fact, as correctly pointed out by Defendants, Plaintiff provided verbatim the quantum meruit instruction that was

8

presented to the jury by the Court. Considering Plaintiff never objected to this instruction or requested that a different instruction be used, Plaintiff cannot now seek a new trial on this basis. *See Otos Tech. Co., Ltd. v. OGK Am., Inc.*, No. 03-1979, 2007 WL 2374995, at *3 (D.N.J. Aug. 13, 2007) (citing several cases concluding same), *remanded in part on other grounds*, 295 F. App'x 514 (3d Cir. 2008). Accordingly, the Court rejects Plaintiff's arguments and finds that Plaintiff is not entitled to a new trial.

### III. CONCLUSION

For the aforementioned reasons, Plaintiff's renewed motion for judgment as a matter of law or alternatively for a new trial is hereby denied. An appropriate Order follows this Opinion.

Dated: April 30, 2019.

_____
JOSE L. LINARES
Chief Judge, United States District Court